Hat, Judge,
delivered the opinion of the court:
This is a suit brought by the Illinois Central Railroad Co. against the United States to recover certain land-grant deductions made by the defendant in a settlement with the plaintiff for the transportation of certain persons. These deductions were made on the ground that the following classes of persons were troops of the United States within the meaning of the land-grant statutes, and that the plaintiff was obliged to transport these persons at the land-grant rates established and agreed upon by the parties:
1. Officers of the Reserve Corps, United States Army.
2. Military prisoners and guards.
3. Members of the Naval Reserve Force.
The plaintiff is one of the railroads which originally received grants of land from the United States in aid of the construction of its road. Act of September 20, 1850, 9 Stat. 466; act of May 15, 1856, 11 Stat. 9; act of June 2, 1864, 13 Stat. 95. Each of the said acts contained the following provision:
“And the said railroad shall be and remain a public highway for the use of the Government of the United States, free *65 from toll or other charge upon the transportation of any property or troops of the United States.”
The plaintiff is also a party to the “ equalization agreements ” under which it agreed to accept the lowest net fares or rates which may be constructed by the use of land-grant mileage.
For the transportation of troops of the United States the plaintiff is entitled to be paid only land-grant fares or 50 per cent of tariff fares.
The land-grant deductions for which the plaintiff sues in this case arose out of transportation furnished by the plaintiff in the years 1921, 1922, and 1923.
1. The first class of persons for us to consider is officers of the Reserve Corps. The act of June 4, 1920, 41 Stat. 759, provides as follows:
“ That the Army of the United States shall consist of the Regular Army, the National Guard while in the service of the United States, and the Organized Reserves, including the Officers’ Reserve Corps and the Enlisted Reserve Corps.”
From the provisions of this act it will be seen that the Officers Reserve Corps is a constituent part of the Army of the United States. It is a part of the military organization of the United States, and each officer thereof is a part of such organization and a member of the Army of the United States. The members of this corps form a part of the Army, and are a part of the Military Establishment. They are troops of the United States and when in active service possess all the attributes of any other members of the Military Establishment. When on active duty a member of this corps receives the same pay and allowances as an officer of his grade in the Regular Army, and is amenable to the same discipline. He is performing duty as the result of an order of the Secretary of War, and is an actual member of the Military Establishment of the United States. When ordered to perform duty he is doing so, not for his own purposes, but for the purposes of the Government, and when traveling to the place to which he has been ordered he is being transported for the convenience of the Government. *66 The fact that these officers were individual officers of the Reserve Corps, traveling to and from, encampments under ■orders of the Secretary of War, does not alter their status. They are a part of the Army of the United States and must be classed as “ troops of the United States ” within the meaning of the land-grant acts. If they are not troops of the United States, what are they? They are not militia officers, they are not National Guard officers, they are not persons attached to the Military Establishment, but having no status as soldiers. Such being the case the conclusion is inevitable that they are a part of the Army of the United States, and when on active duty and being transported for the purposes and convenience of the Government they must be classified as troops of the United States.
2. Military prisoners and guards: These men are enlisted men of the Army of the United States. It may be true that these persons were not traveling as part of a moving army, troop, or body of soldiers, but to bring them within the meaning of the term “ troops of United States ” used in the land-grant acts it is not necessary that enlisted men of the Army should travel in a body. The transportation of these military guards and prisoners was for the convenience and purposes of the United States; they were a part of the Military Establishment, and are troops of the United States, and whether traveling in a body or individually the United States is entitled to the land-grant deduction. The term “ troops of the United States ” as used in the land-grant acts refers to the Army generally and not to some specific aggregation of soldiers; to construe the statute otherwise would be to defeat its obvious intent, which was that the troops of the United States should be transported by the railroad either collectively or individually at the land-grant rates established and agreed upon between the parties.
3. Naval Reserve Force: There can be no question but that the Naval Reserve Force when on active duty is a part of the Military Establishment of the United States, and when so engaged are troops of the United States within the meaning of the land-grant acts. They are subject to the laws, regulations, and orders of the Government, and when on *67 ■active duty are entitled to the same pay and allowances and •other emoluments as are the officers and enlisted men of the regular naval service on active duty. When on active duty, ;and the transportation required in connection therewith is paid for by the United States, the travel is subject to land-grant deductions authorized for troops of the United States. See for the case generally, United, States v. Union Pacific R. R. Co., 249 U. S. 354; Union Pacific R. R. Co. case, 52 C. Cls. 226; 1 Comp. Gen. 233 and 767 ; 3 Comp. Gen. 106.
Graham, Judge; Downex, Judge; Booth, Judge; and Campbell, Ghief Justice, concur.